# EXHIBIT B

RECEIVED

MAR 12 2026

DISTRICT COURT - CIVIL TERM
99 MAIN STREET, HEMPSTEAD NY 11550

**DISTRICT COURT COUNTY OF NASSAU**
**FIRST DISTRICT, CIVIL PART**

------------------------------------------------------X

Jarrett R. Jenkins,

Plaintiff,                **COMPLAINT**          CV-002834-26

-against-

T-Mobile USA, Inc.,                **FORMAL PLEADINGS**

Defendant,

------------------------------------------------------X

Comes now, the Plaintiff, Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1.  Plaintiff, Jarrett R. Jenkins is a natural person who resides at 334 Locust Street, Apt. 1, West Hempstead, NY 11552.

2.  Defendant, T-Mobile USA, Inc., (hereinafter "T-Mobile") is a foreign business entity that is authorized to conduct business in the State of New York with its principal place of business at 12920 SE 38th Street, Bellevue, WA 98006.

3.  Upon information and belief, Defendant operated on its' own behalf at all times or as an agent, affiliate, partner, and/or under or through the employ of an unknown entity.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681p, which provides for concurrent jurisdiction in state courts, and under CPLR §§ 301 and 302, because the Defendant transacts business within the State of New York and the conduct complained of occurred in Nassau County, New York.

5.  Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District of New York.

6. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Experian, Equifax, Transunion and Innovis; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his Transunion consumer credit report on or about March 27, 2025.

8. Plaintiff found after examining his Transunion consumer credit report that the Defendant, T-Mobile had obtained the Plaintiff's Transunion consumer credit report on November 28, 2024.

9. Discovery of the violation brought forth herein occurred on March 27, 2025, and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## FIRST CAUSE OF ACTION: 15 U.S.C.§1681b
## FAIR CREDIT REPORTING ACT VIOLATION

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit or insurance as a result of the inquiry.

16. Plaintiff does not currently and did not have a business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafied offer of credit from the Defendant, T-Mobile in regards to the credit pull.

17. On November 28, 2024, Defendant obtained the Transunion consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

18. At no time did Plaintiff give his consent for T-Mobile to acquire his consumer credit report from any credit reporting agency regarding the credit pull.

19. Defendant, a sophisticated entity regularly engaged in the business of accessing consumer data, knew or was reckless in not knowing that it lacked any permissible purpose to obtain Plaintiff's consumer report. Defendant's act of obtaining the report, despite the complete absence of any consumer-initiated transaction or relationship as alleged herein, constitutes a willful violation of the FCRA, 15 U.S.C. §1681b. This unauthorized intrusion into Plaintiff's private financial information was an egregious violation of Plaintiff's statutory right to privacy and, as a direct and foreseeable result, caused Plaintiff to suffer concrete harms, including anger, embarrassment, humiliation, and anxiety regarding the security and dissemination of his personal data.

20. Defendant's conduct was willful as defined in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007), which held that "willful" includes both knowing violations and those made in reckless disregard of statutory duties. Defendant's failure to confirm any permissible purpose before obtaining Plaintiff's consumer report was, at minimum, reckless disregard of its obligations under the FCRA.

21. Under *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), intangible injuries such as the invasion of privacy and loss of control over personal information satisfy Article III's requirement of concreteness. Defendant's unauthorized access of Plaintiff's credit report constitutes precisely the kind of concrete injury Congress made actionable under the Fair Credit Reporting Act.

22. Consistent with *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the unauthorized access of Plaintiff's credit report is itself a statutory invasion of privacy that constitutes a concrete injury in fact, regardless of whether the report was further disseminated.

23.    The Defendant had the duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining the Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain the Plaintiff's credit report therefore, the Plaintiff is entitled to damages.

24.    As a result of T-Mobile's willful practice of violating The Fair Credit Reporting Act, T-Mobile is liable under 15 U.S.C. §1681n for punitive damages in an amount sufficient to deter T-Mobile from engaging in this kind of illegal practice in the future.  In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

25.    The Plaintiff is entitled to recover actual damages and/or statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

26.    As a direct and proximate result of Defendant's willful and/or negligent actions, Plaintiff has suffered actual damages, including but not limited to:

   a.  Loss of time and productivity, including hours spent investigating the unauthorized access and researching remedies available under law;

   b.  Tangible out-of-pocket costs, including ink, paper, and a pro-rata portion of internet service, cloud-powered productivity platform and cloud storage fees used to conduct research, maintain case files and prepare court filings and;

   c.  Loss of peace of mind and emotional distress, including anxiety, humiliation, and frustration stemming from the invasion of privacy and from the fear of how the Defendant may have used or disclosed Plaintiff's personal information;

   d.  Continuing stress and disruption caused by the need to prosecute this lawsuit and defend against Defendant's improper conduct;

e.  Electricity consumed in powering Plaintiff's laptop, printer, monitors and related equipment necessary to investigating and addressing Defendant's unauthorized pull, including gathering records, researching remedies and preparing complaints prior to filing this action; and

f.  Other consequential harms reasonably and foreseeably flowing from Defendant's impermissible access, including the ongoing diversion of Plaintiff's personal time, energy, and household resources away from ordinary daily activities toward litigation-related tasks, and the cumulative toll of being forced to monitor, prepare and appear in court solely because of Defendant's unlawful conduct.

27.    These actual damages are in addition to statutory damages to which Plaintiff is entitled to under The Fair Credit Reporting Act 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the Court enter an order against the Defendant, T-Mobile USA, Inc, that:

1.  Declares' that the Defendant's conduct violated the FCRA;

2.  Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n (a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o,

3.  If the Court allows, award punitive damages as provided under the FCRA, pursuant to 15 U.S.C. §1681n (a)(2),

4.  Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n (a) (3),

5.  Award Plaintiff actual damages, including emotional distress, as permitted under 15 U.S.C. §1681n(a)(1)(A) and §1681o(a)(1);

6.  Other damages as allowed by the court.

Respectfully Submitted,

March 12, 2026

Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

## VERIFICATION

**I, Jarrett R. Jenkins, affirms the following:**

I am the Plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.

I affirm this 12th day of March , 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Jarrett R. Jenkins, Plaintiff